IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EHRIN LEE MILLER,                )
                                 )
         Plaintiff,              )
                                 )
    vs.                          )  Civil Action No. 08-454
                                 )
MICHAEL J. ASTRUE,               )
COMMISSIONER OF SOCIAL SECURITY, )
                                 )
         Defendant.              )

O R D E R

AND NOW, this _____ day of February, 2009, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision, denying plaintiff's claim for disability insurance benefits under Subchapter II of the Social Security Act, 42 U.S.C. §401, et seq., and denying plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. §1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. §405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the

Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]
 The Administrative Law Judge ("ALJ") found that Plaintiff's left lower extremity disorders, mayofascial pain syndrome and a left shoulder disorder constituted severe impairments. Tr. 22. Plaintiff challenges the ALJ's conclusion that she retains the residual functional capacity ("RFC") to perform the exertional demands of a range of light-level work with some limitations. Tr. 24-27; see 20 C.F.R. § 416.967.
 First, Plaintiff argues that the ALJ failed to consider all of the medical evidence in the record, including, for example, the opinions of Drs. Gennaula (Tr. 384-89) and Antin (Tr. 422-23) concerning her left upper extremity impairments, and Drs. Kasdan (Tr. 272-83) and Kumari (Tr. 384-89) with regard to her migraine headaches. However, Plaintiff has identified no specific functional limitations that the ALJ failed to consider. Indeed, in making his RFC assessment, the ALJ applied a more generous range of limitations than those identified by the state agency physician, who was the only doctor, treating or merely consultative, to make a functional assessment or identify functional limitations. Tr. 24-27, 400-01. Furthermore, in making his RFC assessment, the ALJ took into account the limitations that resulted from her upper and lower extremity impairments and accommodated them. Tr. 25, 27. And finally, at Step 5 of the sequential evaluation process in applying Medical-Vocational Rule 202.21, the ALJ noted that Plaintiff was "impeded by additional limitations" and relied on the opinion of a vocational expert, who duly considered these limitations. Tr. 28.
 Second, Plaintiff challenges the ALJ's conclusion that her subjective complaints about pain were "not fully credible." Tr. 25-26; see 20 C.F.R. § 416.929 (factors for evaluating symptoms). The ALJ found that Plaintiff could "perform a significant range of daily activities, with little help." Tr. 26. Nevertheless, the ALJ acknowledged that Plaintiff's impairments significantly limited her ability to perform work-related activities, and, as noted above, incorporated these limitations into his assessment of her RFC. Tr. 25. The ALJ properly considered her subjective complaints of pain.
 Third, Plaintiff questions the ALJ's reliance on the opinion of the state agency physician, Dr. Mancini, who evaluated Plaintiff's RFC, because of two errors: one, his reference to the
(continued...)

Therefore, IT IS HEREBY ORDERED that plaintiff's Motion for Summary Judgment (document No. 5) is DENIED and defendant's Motion for Summary Judgment (document No. 8) is GRANTED.

          */s/ Donetta W. Ambrose*
United States District Judge
(For Judge Alan N. Bloch)

ecf:      Counsel of record

---

[1](...continued)
wrong foot and, two, his attribution of the medical source statement to her podiatrist instead of her primary physician. Tr. 399-406. While the ALJ did not note them, neither error undermines the opinion of Dr. Mancini, who, as the regulations note, is a "highly qualified physician[] . . . who [is] also [an] expert[] in Social Security disability evaluation." 20 C.F.R. § 416.927(f)(2)(i). Nor is there any merit to Plaintiff's suggestion that Dr. Mancini's opinion is undermined or contradicted by medical records submitted after the date of his assessment on October 6, 2005.
    The Court finds that there is substantial evidence to support the ALJ's decision.